UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LATINA KIRKSEY on behalf )
of L.K., )
 )
         Plaintiff, )
 )
    vs. )         No. 4:06-CV-572 (CEJ)
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security, )
 )
         Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to amend judgment pursuant to Fed.R.Civ.P. 59(e). Plaintiff has not filed a response to the motion and the time allowed for doing so has expired.

**I.   Background**

On August 13, 2007, the Court remanded this matter for determination of whether plaintiff's impairments medically equal the listing for mental retardation, 20 C.F.R. Pt. 404, App. 1 to Subpt. P, Listing 112.05D. The Court determined that the Administrative Law Judge erred in finding that a formal diagnosis of mental retardation was required to meet the listing. Defendant does not dispute this aspect of the order and agrees that remand for further consideration is required. However, defendant contends that the Court incorrectly stated the other requirements of the listing.

**II.   Legal Standard**

Rule 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." United States v. Metropolitan St. Louis Sewer District, 440 F.3d 930, 933 (8th Cir. 2006) (citation omitted).

## III. Discussion

Listing 112.05 governs mental retardation in children and provides as follows:

> Mental Retardation: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied.
>
> * * *
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function.

Defendant argued that Listing 112.05D creates a three-element test. Specifically, defendant contended that a claimant must establish that she has "significant deficits in adaptive functioning," as stated in the introductory paragraph, in addition to the two elements set forth in 112.05D -- a valid qualifying IQ score and "an additional and significant limitation of function." The Court disagreed, stating that "a claimant who establishes the existence of 'a physical or other mental impairment imposing an

-2-

additional limitation of function,' as set forth in 112.05D will also satisfy the requirement of 'significant deficits in adaptive functioning.'"

The introduction to the regulations on childhood mental disorders states:

> The structure of the listings for Mental Retardation (112.05) . . . is different from that of the other mental disorders. Listing 112.05 (Mental Retardation) contains six sets of criteria. <u>If an impairment satisfies the diagnostic description in the introductory paragraph and any one of the six sets of criteria, we will find that the child's impairment meets the listing</u>.

Pt. 404, Subpt. P, App. 1 § 112.00 (emphasis added). Defendant is correct, therefore, that to satisfy Listing § 112.05(D), a claimant must show "deficits in adaptive functioning," a valid qualifying IQ score, and an impairment imposing an additional and significant limitation of function. However, nothing in the regulations precludes a court from finding that both requirements are satisfied by a single additional impairment. See Cruz v. Barnhart, 2006 WL 547681 n.6 at *3 (S.D.N.Y. Mar. 7, 2006) ("[T]o the extent the diagnostic description is an independent requirement of the listing [it may be] surplussage. . . . Nevertheless, the SSA and several courts view the Listing as presenting two independent requirements.")

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to amend the Memorandum and Order dated August 13, 2007, [Doc. #23] is **granted in part**.

**IT IS FURTHER ORDERED** that a corrected Memorandum and Order is filed herewith.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2008.